UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company,<br><br><br>Plaintiff,<br><br><br>vs.<br><br><br>BROOKLYN THREADS INC., a New York Corporation; JAF THREADS, LLC., a New York Limited Liability Company; JOSEPH FARELLA, an individual; and DOES 1-10, inclusive,<br><br><br>Defendants. | Civil Action No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**1. TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**<br><br>**2. FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTIONS**<br><br>**3. COMMON LAW UNFAIR COMPETITION**<br><br>**4. COMMON LAW TRADEMARK INFRINGEMENT**<br><br>**5. COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Chrome Hearts LLC ("Chrome Hearts" or "Plaintiff") for its claims against Defendants Brooklyn Threads Inc. ("Brooklyn Threads"), JAF Threads, LLC. ("JAF Threads"), Joseph Farella and DOES 1-10 (collectively, "Defendants") alleges as follows:

## JURISDICTION AND VENUE

1.     Plaintiff files this action against Defendants for trademark infringement and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), copyright infringement under 17 U.S.C. § 101, et seq. (the "Copyright Act"), and related claims of trademark infringement and unfair competition under the common law of the State of New York.

1

2.    This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367(a), because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.    This Court has personal jurisdiction over Defendants because Defendants maintain a principal place of business, conduct continuous and systematic business, placed Accused Products in the stream of commerce directed to residents of, derived commercial benefits from the sale of Accused Products, and caused injuries to Plaintiff—all within the State of New York.

4.    Venue is proper under 28 U.S.C. §§ 1391 (b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial district, and 28 U.S.C. § 1400(b) because Defendants reside and committed acts of infringement in this judicial district.

## **THE PARTIES**

5.    Plaintiff Chrome Hearts is a limited liability company organized and existing under the laws of the state of Delaware, with an office and principal place of business at 915 North Mansfield Avenue, Los Angeles, California 90038.

6.    Upon information and belief, Defendant Brooklyn Threads is a New York Corporation with a principal place of business located at 3 Defeo Ct, Deer Park, NY 11729.

7.    Upon information and belief, Defendant JAF Threads is a New York Limited Liability Company with a principal place of business located at 3 Defeo Ct, Deer Park, NY 11729.

8.     Upon information and belief, Defendant Joseph Farella is an individual residing at 3 Defeo Ct, Deer Park, NY 11729, and is an owner, officer, director, and/or managing agent of Brooklyn Threads.

9.     Chrome Hearts is unaware of the names and true capacities of Defendants, whether individuals, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Chrome Hearts will seek leave to amend this complaint when their true names and capacities are ascertained.  Upon information and belief, each one of Defendants caused or are in some manner responsible for causing the wrongful acts alleged herein, and that at all relevant times each one was the agent, servant, and/or employee of the other Defendants acting within the course and scope of said agency, service, and employment.

10.     Upon information and belief, at all relevant times herein, each one of Defendants knew or reasonably should have known of the wrongful acts and behavior alleged herein and the damages caused thereby, ratified and encouraged such acts and behavior, and/or had a non-delegable duty to prevent such acts and behavior but failed or refused to do so.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.     The Chrome Hearts Brand and Trademarks

11.     Chrome Hearts LLC ("Chrome Hearts") has been designing, manufacturing, and selling artistically styled leather goods, apparel, jewelry, and accessories since 1988.

12.     Chrome Hearts sells a wide variety of quality artistic products, including leather pants, leather jackets, leather vests, sterling silver jewelry, including necklaces, bracelets, rings and wallet chains, belt buckles, fabric apparel, bags, and a wide collection of other products, including furniture, eyewear, and crystal ware.

13.    Chrome Hearts products are sold in the exclusive CHROME HEARTS stores throughout the world, on its official website www.chromehearts.com, and in select specialty stores, such as Selfridges in London, Bergdorf Goodman in New York and the United Arrows and Dover Street Market Ginza boutiques in Japan.

14.    Chrome Hearts is known for combining the look of rugged apparel with fashion attire to make fashion apparel and accessories.  All of Chrome Hearts' leather products are adorned with sterling silver hardware, including all of the buttons and ornamental pieces.  Chrome Hearts is also known for using suede inlay designs in connection with leather clothing.

15.    Entertainers, such as Madonna, Arnold Schwarzenegger, Rihanna, Cher, Kate Hudson, Tom Brady, David Beckham, and Lenny Kravitz can all be seen in Chrome Hearts' fashions.

16.    In 1993, the Council of Fashion Designers of America ("CFDA") presented Chrome Hearts with an unsolicited award as designer of the year for its innovative accessories and jewelry designs.

17.    Virtually all Chrome Hearts® products, including clothing, denim, and jewelry, are handmade in Los Angeles by Chrome Hearts' craftsmen.  The level of expert workmanship exercised by these individuals is superior and conforms with the strict standards established by Chrome Hearts.

18.    Chrome Hearts® products have been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public around the world, including articles in the United States, Germany, Japan and France.  These articles have acclaimed the high artistry, fashion and style of Chrome Hearts' designs and the uniqueness of the designs.

19.    Chrome Hearts is the owner of the CHROME HEARTS word mark, various design only marks, and composite trademarks comprising the CHROME

4

HEARTS mark and design components, including in relevant part the following U.S. federal trademark registrations (collectively, the "Chrome Hearts Marks"):

| Chrome Hearts' Mark | U.S. Reg. No. | Goods/Services |
|---|---|---|
| **CHROME HEARTS** | 1,665,791 | 025: Men's and Women's Clothing, Namely, Pants, Shirts, Tee Shirts, Sweaters, Jackets, Vests, Chaps, Skirts, Belts, Underwear, Gloves, Shoes and Boots. |
|  | 3,546,039 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweat shirts, sweat pants, jeans, pants, sweaters, skirts, dresses, jackets, coats, undergarments, hats, socks and footwear |
|  | 2,118,026 | 025: Men's and Women's Clothing, Namely, Pants, Shirts, Tee Shirts, Sweaters, Jackets, Vests, Chaps, Skirts, Belts, Underwear, Gloves, Shoes and Boots. |
|  | 2,216,575 | 025: Clothing; namely, tee shirts, shirts, tank tops, pants, chaps jeans, sweaters and jackets. |

| Chrome Hearts' Mark | U.S. Reg. No. | Goods/Services |
|---|---|---|
|  | 3,542,742 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweat shirts, sweat pants, jeans, pants, sweaters, skirts, dresses, jackets, coats, undergarments, hats, socks and footwear. |
|  | 2,408,082 | 025: Men's and women's clothing; namely, jeans, leather pants, skirts, jackets, chaps, sweaters, vests, tee-shirts and shirts. |
|  | 5,296,477 | 025: Clothing; namely, shirts, tee shirts, tank tops, sweat shirts, sweaters, vests, hats |
|  | 3,605,968  2,644,724 | 025: Men's and women's clothing, namely, pants, jeans and chaps. |

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

| Chrome Hearts' Mark | U.S. Reg. No. | Goods/Services |
|---|---|---|
|  | 2,214,641 | 025: Clothing namely, shirts, tee shirts, pants, jeans, leather jackets, leather vests, leather pants, chaps, coats, gloves, men's and women's underwear, clothing belts and footwear; namely, boots. |
|  | 4,510,021 | 025: Clothing, namely, shirts, tee shirts, tank tops, sweaters, vests, sweat shirts, sweat pants, jeans, leather pants, chaps, skirts, jackets, dresses, undergarments, hats, swimwear and footwear. |
|  | 2,465,188 | 025: Men's and women's clothing; namely, jackets, coats, vests, pants, chaps and jeans. |
|  | 3,385,439 | 025: Clothing, namely, tee shirts, shirts, sweatshirts and hats. |

| Chrome Hearts' Mark | U.S. Reg. No. | Goods/Services |
|---|---|---|
|  | 2,194,698 | 025: Men's and women's clothing, namely, pants, jeans and chaps. |
|  | 3,385,416 | 025: Clothing, namely, tee shirts, shirts, sweaters, tank tops, sweatshirts, hats and pants. |
|  | 3,267,866 | 025: Clothing, namely, tee shirts, shirts, jackets, tank tops, sweaters, hats and sweatshirts. |
|  | 3,388,911 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweatshirts, sweat pants, sweaters and hats. |

| Chrome Hearts' Mark | U.S. Reg. No. | Goods/Services |
|---|---|---|
|  | 3,388,913 | 025: Clothing, Namely, Tee Shirts, Shirts, Tank Tops and Sweatshirts. |
|  | 3,606,059 | 025: Clothing; Namely, Shirts, Trousers, Jackets, Vests, Chaps, Men's and Women's Underwear, Coats, Clothing Belts, Gloves and Boots. |
|  | 3,388,912 | 025: Clothing, namely, tee shirts, shirts, sweatshirts, tank tops and hats |
|  | 3,877,137 | 025: Clothing; namely, tee shirts, shirts, tank tops, sweaters, sweat shirts, sweat pants, jeans, leather pants, coats, jackets, hats, socks, underwear and footwear. |

9

| Chrome Hearts' Mark | U.S. Reg. No. | Goods/Services |
|---|---|---|
|  | 3,634,074 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweat shirts, sweat pants, sweaters, vests, jackets, coats, pants, jeans, dresses, hats, socks, underwear and belts. |
|  | 3,689,339 | 025: Clothing, namely, shirts, tee shirts, tank tops, sweat shirts, sweat pants, hats, socks and underwear. |
|  | 3,873,571 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweaters, sweat shirts, vests, jackets, coats, pants, jeans and hats. |
|  | 4,497,576 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweaters, sweat shirts, sweat pants, jeans, leather pants, chaps, skirts, dresses, vests, jackets, coats, swimwear, underwear, hats and footwear. |

| Chrome Hearts' Mark | U.S. Reg. No. | Goods/Services |
|---|---|---|
|  | 4,494,945 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweaters, sweat shirts, vests, dresses, skirts, jackets, coats, jeans, leather pants, chaps, undergarments, swimwear, hats and footwear |
|  | 3,388,920 | 025: Clothing, namely, tee shirts, shirts, sweatshirts, jackets and pants. |
|  | 4,510,024 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweaters, sweat shirts, sweat pants, vests, jackets, jeans, leather pants, dresses, skirts, swimwear, undergarments, hats and footwear. |
|  | 4,501,509 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweat shirts, vests, sweaters, sweat pants, jeans, leather pants, chaps, skirts, dresses, jackets, coats, swimwear, hats, undergarments and footwear. |

| Chrome Hearts' Mark | U.S. Reg. No. | Goods/Services |
|---|---|---|
|  | 4,494,843 | 025: Clothing, namely, shirts, tee shirts, tank tops, sweaters, sweat shirts, sweat pants, dresses, skirts, jackets, coats, jeans, vests, leather pants, chaps, swimwear, underwear, hats and footwear. |
|  | 3,828,365 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweat shirts, sweaters, jackets, lingerie and hats. |
|  | 4,619,674 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweat shirts, sweat pants, vests, sweaters, jeans, pants, chaps, dresses, skirts, jackets, coats, underwear, swimwear, hats, socks and footwear. |
|  | 6,119,733 | 025: Clothing, namely, pants, shirts, tee shirts, tank tops, sweatshirts, sweatpants, jeans, sweaters, jackets, coats, suits, dresses, vests, chaps, skirts, belts, swimwear, sleepwear, underwear, gloves, scarves, socks, headbands, hats, ties, and footwear. |

20.     Chrome Hearts has always devoted substantial time, effort, and money to designing, developing, advertising, promoting, and marketing its products, and spends on average over $1 million per year on advertising, promoting, and marketing the CHROME HEARTS® brand. As a result of its efforts, Chrome Hearts has sold over a billion dollars' worth of clothing, all bearing one or more of the Chrome Hearts Marks.

21.     Registrations for many of the Chrome Hearts Marks, including the specific registration identified above, are valid, subsisting and are incontestable. Through longstanding use, advertising, and registration, the Chrome Hearts Marks have achieved a high degree of consumer recognition and constitute famous marks.

22.     Chrome Hearts has continuously used the Chrome Hearts Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods since their respective dates of first use.

23.     The Chrome Hearts Marks have come to identify, in the United States and throughout the world, high quality leather fashions, jewelry and accessories designed and manufactured by Chrome Hearts.

24.     Due to Chrome Hearts' long use, extensive sales, and significant advertising and promotional activities, the Chrome Hearts Marks have achieved widespread acceptance and recognition amongst the consuming public and trade throughout the United States.

25.     Chrome Hearts has also registered with the US Copyright Office and owns in exclusivity several copyright registrations, including in relevant part the following: (1) the Double Raw V1 Design and L/S V16 Design, identified in Copyright Registration No. VA 1-410-955; (2) the L/S V20 Design, identified in Copyright Registration No. VA 1-410-958; (3) the Cemetery Design, identified in Copyright Registration No. VA 1-193-298; (4) the Version 8 Flerknee Design,

identified in Copyright Registration No. VA 1-720-052; (5) the L/S V7F Design, S/S V23 Design, and V6 Design, identified in Copyright Registration No. VA 1-410-956; (6) the V33 Design, identified in Copyright Registration No. VA 1-720-057; (7) the Horseshoe Button Design, identified in Copyright Registration No. VA 967-377; (8) the 4S (Youth) V1 Design, identified in Copyright Registration No. VA 1-410-957; (9) the CH Cross Design, identified in Copyright Registration No. VA 705-193; (10) the Dagger Design, identified in Copyright Registration No. VA 705-197; (11) the Double Floral Cross Design, identified in Copyright Registration No. VA 1-343-081; (12) the Floral Cross Design, identified in Copyright Registration No. VA 705-230; (13) the L/S V21, identified in Copyright Registration No. VA 1-410-954; (14) the V4 Design, identified in Copyright Registration No. VA 1-410-953; (15) the V28 Design, identified in Copyright Registration No. VA 1-720-093; (16) the V29/V16 Design, identified in Copyright Registration No. VA 1-720-090 (collectively referred to herein as the "Chrome Hearts Copyrights," the registrations for which are attached hereto and incorporated herein as Exhibit A).

26.    The present lawsuit arises from Defendants' importation, manufacture, production, marketing, distribution, advertisement, offering for sale, and/or sale of clothing that bears marks and designs identical to, confusingly similar to, and/or substantially similar to one or more of the Chrome Hearts Marks and/or the Chrome Hearts Copyrights (the "Accused Products"), several exemplars of which are shown below:



*Examples of Accused Products*

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF



*Examples of Accused Products*

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

27.    Upon information and belief, Brooklyn Threads and JAL Threads are companies engaged in the promotion, marketing and sale of clothing products and accessories through their website (brooklynthreadsnyc.com) as well as social media account on Instagram (@jafthreadsbrooklyn), all which are accessible to consumers throughout the United States, including those within this judicial district.

28.    Upon information and belief, Defendants are engaged in the promotion, marketing and sale of clothing products and accessories through a store located in this judicial district.

29.    Chrome Hearts has not granted a license or given Defendants any form of permission to use intellectual property belonging to Chrome Hearts, including the Chrome Hearts Marks and Chrome Hearts Copyrights, in any way.

30.    Upon information and belief, Defendants have copied Chrome Hearts' federally registered trademarks and copyrighted works in an effort to exploit Chrome Hearts' reputation in the market.

31.    Upon information and belief, the Accused Products that Defendants sold and shipped to this district are very likely cause confusion for consumers in this district, including Plaintiff's customers.   For example, a search for "Chrome" using the search bar on Brooklyn Threads' website results in approximately 137 types of Accused Products being offered for sale:



32.     Upon information and belief, Defendants' unlawful acts have misled and confused, and were intended to cause confusion, or to cause mistake, or to deceive as to the origin, affiliation, or association of the Accused Products with Chrome Hearts, and the sponsorship or approval of the Accused Products by Chrome Hearts.

## FIRST CAUSE OF ACTION

### (Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114)

33.     Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

34.     The Chrome Hearts Marks are nationally recognized, including within the Southern District of New York, as being affixed to goods and merchandise of the highest quality, with Chrome Hearts being the exclusive source of all such products.

35.     The specific U.S. registrations to the Chrome Hearts Marks identified herein are in full force and effect, and each one has been in continuous use since their respective first dates of use.   Indeed, the specific U.S. registrations

identified herein, like many Chrome Hearts Marks, are incontestable by virtue of their registrations and continuous use in commerce for more than five years.

36.    The Accused Products bear identical or confusingly similar reproductions of one or more Chrome Hearts Marks that are likely to lead to and result in consumers believing that Chrome Hearts produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Chrome Hearts.

37.    Defendants' use of the Chrome Hearts Marks is without Chrome Hearts' permission or authority and in total disregard of Chrome Hearts' rights to control its intellectual property.

38.    Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Chrome Hearts and reap the benefit of Chrome Hearts' goodwill associated with the Chrome Hearts Marks.

39.    As a direct and proximate result of Defendants' infringing conduct, Chrome Hearts has been injured and will continue to suffer injury to its business and reputation unless Defendants are enjoined by this Court from advertising, selling, and offering for sale products bearing the Chrome Hearts Marks that are not in fact authentic Chrome Hearts® products.

40.    Chrome Hearts has no adequate remedy at law.

41.    In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using any of the Chrome Hearts Marks, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, attorneys' fees and treble damages, as well as the costs of this

action pursuant to 15 U.S.C. § 1117(a)-(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

<u>**SECOND CAUSE OF ACTION**</u>

**(False Designation of Origin and False Descriptions – 15 U.S.C. § 1125(a))**

42.     Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

43.     Defendants' unauthorized use of marks confusingly similar to the Chrome Hearts Marks on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Chrome Hearts or come from the same source as Chrome Hearts' goods when in fact they do not.

44.     Defendants' use of the Chrome Hearts Marks is without Chrome Hearts' permission or authority and in total disregard of Chrome Hearts' rights to control its trademarks.

45.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Chrome Hearts has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Chrome Hearts.

46.     Chrome Hearts has no adequate remedy at law.

47.     In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using any of the Chrome Hearts Marks, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount

not yet known, attorneys' fees and treble damages, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a)-(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## THIRD CAUSE OF ACTION

### (Unfair Competition Under New York Common Law)

48.     Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

49.     Defendants' infringement of the Chrome Hearts Marks constitutes unfair competition in violation of the common law of the state of New York.

50.     Defendants are competitors of Chrome Hearts and have copied the Chrome Hearts Marks in an effort to exploit Chrome Hearts' reputation in the market.

51.     Defendants' infringing acts were intended to capitalize on Chrome Hearts' goodwill associated therewith for Defendants' own pecuniary gain. Chrome Hearts has expended substantial time, resources and effort to obtain an excellent reputation for its brand.   As a result of Chrome Hearts' efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Chrome Hearts.

52.     Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Chrome Hearts.

53.     Chrome Hearts has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct, unless it is enjoined by this Court.

54.     The conduct herein complained of was extreme, outrageous, and was inflicted on Chrome Hearts in reckless disregard of Chrome Hearts' rights.  Said conduct was despicable and harmful to Chrome Hearts and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and

make an example of Defendants, and to deter them from similar conduct in the future.

55.    In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from infringing the Chrome Hearts Marks and to recover all damages, including attorney's fees, that Chrome Hearts has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FOURTH CAUSE OF ACTION

### (Trademark Infringement Under New York Common Law)

56.    Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

57.    Chrome Hearts owns and enjoys common law trademark rights to the Chrome Hearts Marks in the State of New York and throughout the United States.

58.    Defendants' misappropriation of Chrome Hearts' common law trademarks was intended to capitalize on Chrome Hearts' goodwill for Defendants' own pecuniary gain. Chrome Hearts has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of Marks. As a result of Chrome Hearts' efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Chrome Hearts.

59.    Defendants' unauthorized use of the Chrome Hearts Marks has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Chrome Hearts.

60.    Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Chrome Hearts.

61.     Defendants' acts constitute unfair competition under New York common law.

62.     Chrome Hearts has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct unless it is enjoined by this Court.

63.     The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Chrome Hearts in reckless disregard of Chrome Hearts' rights. Said conduct was despicable and harmful to Chrome Hearts and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar such conduct in the future.

64.     In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using the Chrome Hearts Marks to recover all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FIFTH CAUSE OF ACTION

### (Copyright Infringement – 17 U.S.C. § 501)

65.     Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

66.     In addition to owning numerous trademark registrations to its various marks, Chrome Hearts also owns several copyright registrations.  As the owner of the Chrome Hearts Copyrights, Chrome Hearts is entitled to exclusive use thereof without the unauthorized use by third parties.

67.     Given the widespread popularity of the Chrome Hearts Copyrights and the striking similarity between said work and the Accused Products,

Defendants had access to the Chrome Hearts Copyrights and upon information and belief have knowingly infringed upon one or more of them by manufacturing, distributing and/or selling products bearing designs which are substantially similar to the Chrome Hearts Copyrights, in violation of 17 U.S.C. § 501.

68.     Upon information and belief, Defendants have intentionally, knowingly and willfully copied the Chrome Hearts Copyrights to benefit from the widespread customer recognition and acceptance of said work and to capitalize upon the market created by Chrome Hearts for its designs.

69.     Upon information and belief, the aforesaid infringement by Defendants of the Chrome Hearts Copyrights was and continues to be with the knowledge that such designs are copyrighted and Defendants, in doing the acts complained of herein, have willfully infringed upon Chrome Hearts' rights under the Copyright Laws of the United States, Title 17 U.S.C. § 101, et seq.

70.     Defendants' infringement of the Chrome Hearts Copyrights is to the great and irreparable damage of Chrome Hearts, and Chrome Hearts is informed and believes, as indicated, that Defendants will continue such infringement unless enjoined by this Court.

71.     Chrome Hearts has no adequate remedy at law.

72.     In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using the Chrome Hearts Copyrights or any designs identical and/or substantially similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 17 U.S.C. § 504(b), or in the alternative statutory damages pursuant to 17 U.S.C. § 504(c), and/or any additional damages pursuant to 17 U.S.C. § 504(d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chrome Hearts LLC respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

1.      Entry of an ORDER granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

    a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products and/or any other products that bear marks/designs identical to, confusingly similar to, and/or substantially similar to the Chrome Hearts Marks or the Chrome Hearts Copyrights;

    b. engaging in any other activity constituting unfair competition with Chrome Hearts, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Chrome Hearts;

    c. committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Chrome Hearts;

    d. knowingly assisting, aiding or attempting to assist, or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs a through c above.

2.      Entry of an ORDER directing Defendants to recall from any distributors and retailers and to deliver to Chrome Hearts for destruction, or other disposition, all remaining inventory of the Accused Products, in addition to any other goods that infringe upon Chrome Hearts' rights to the Chrome Hearts Marks

or Chrome Hearts Copyrights, including all advertisements, promotional and marketing materials therefore, as well as means of making same in their possession or under their control;

3.      Entry of an ORDER directing Defendants to disclose their supplier(s) and manufacturer(s) of the Accused Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Accused Products;

4.      Entry of an ORDER directing Defendants to file with this Court and serve on Chrome Hearts within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5.      Entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts;

6.      Award of Defendants' profits and all damages sustained by Chrome Hearts as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 504(b), or in the alternative should Chrome Hearts so elect, an award of statutory damages pursuant to 15 U.S.C. §1117(c) and 17 U.S.C. § 504(c) to Chrome Hearts;

7.      Award of treble damages in the amount of Defendants' profits or Chrome Hearts' damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. § 1117(b);

8.      Award of applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505 to Chrome Hearts;

9.      An award of fees and punitive damages to the full extent available in connection with Chrome Hearts' claims under New York law; and

10.     Any such other relief that may be just and proper.

Dated:      October 21, 2021          BLAKELY LAW GROUP

By:    */s/ Brent H. Blakely*
Brent H. Blakely (BB1966)
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: 310-546-7400
***Attorneys for Plaintiff***
***Chrome Hearts LLC***

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Chrome Hearts LLC hereby demands a trial by jury as to all claims in this litigation.

Dated:     October 21, 2021     BLAKELY LAW GROUP

By:    */s/ Brent H. Blakely*
        Brent H. Blakely (BB1966)
        1334 Parkview Avenue, Suite 280
        Manhattan Beach, CA 90266
        Telephone: 310-546-7400
        ***Attorneys for Plaintiff***
        ***Chrome Hearts LLC***

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF